UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID THOMAS, individually and on behalf of similarly situated individuals,<br><br>       Plaintiff,<br><br>   v.<br><br>THE QUIKRETE COMPANIES, LLC,<br><br>       Defendant. | Civil Action No.: 5:23-cv-00638-FB-ESC |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STRIKE**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.   ARGUMENT............................................................................................................ 1

        A.    The qualification that Plaintiffs' declarations are only true "to the best of
              [their] recollection" renders them inadmissible....................................................... 1

        B.    The amended declarations filed by Plaintiffs raise more questions than they
              answer. ...................................................................................................................... 3

        C.    Plaintiffs' inconsistent testimony should be stricken under the sham
              affidavit doctrine.......................................................................................................... 7

        D.    Plaintiffs should not be afforded an opportunity to "cure."..................................... 8

III.  CONCLUSION........................................................................................................ 10

**TABLE OF AUTHORITIES**

**Cases**

*ACS All. Constr. Specialties, L.L.C. v. Cueto Consulting & Constr., L.L.C.*,
No. 23-50735, 2024 WL 3338305 (5th Cir. July 9, 2024).......................................................... 3, 9

*Allen v. Vaksman L. Offs., P.C.*,
No. 2:19-CV-30-TBM-MTP, 2021 WL 5474488 (S.D. Miss. Sept. 30, 2021).......................... 7

*Bazemore v. Castaneda*,
No. EP-10-CV-403-DB-DCG, 2011 WL 1675416 (W.D. Tex. Apr. 12, 2011).......................... 3

*Blount v. Stanley Eng'g Fastening*,
55 F.4th 504 (6th Cir. 2022) ...................................................................................................... 3

*C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.*,
453 F. App'x 439 (5th Cir. 2011) ............................................................................................... 9

*Grogan v. Kumar*,
873 F.3d 273 (5th Cir. 2017) ...................................................................................................... 3

*Lumar v. Monsanto Co.*,
395 F. Supp. 3d 762 (E.D. La. 2019).......................................................................................... 3

*MetroPCS v. Thomas*,
327 F.R.D. 600 (N.D. Tex. 2018) ............................................................................................... 3

*Steward v. Abbott*,
189 F. Supp. 3d 620 (W.D. Tex. 2016)..................................................................................... 2, 3

*Stingley v. Den-Mar Inc.*,
347 F. App'x 14 (5th Cir. 2009) ................................................................................................. 8

*Sukup v. Martin*,
No. 1:10-CV-190, 2012 WL 929058 (E.D. Tex. Mar. 16, 2012) ............................................... 3

*United States v. Henderson*,
No. 17 C 7012, 2018 WL 4404720, n.1 (N.D. Ill. Sept. 17, 2018)........................................ 1, 2

*United States v. Tervort*,
No. 1:07CV01295-OWW-SMS, 2008 WL 5273492 (E.D. Cal. Dec. 18, 2008).................... 1, 2

*United States on behalf of ACS All. Constr. Specialties, LLC v. Cueto Consulting & Constr., LLC*
No. 6:20-CV-00658, 2023 WL 7037386, 2023 WL 7037386............................................... 4, 6

**Statutes**

15 U.S.C. § 7001..................................................................................................... 4

28 U.S.C. § 1746........................................................................................ 1, 2, 3, 4, 7, 9

**Rules**

Fed. R. Civ. P. 5(d)(3)(C) ........................................................................................ 4

Fed. R. Civ. P. 56(e) ............................................................................................... 8

Rule 56(c)................................................................................................................ 8

Rule 56(e)(1) .......................................................................................................... 9

Defendant, Quikrete Companies, LLC (Quikrete), respectfully submits this Reply in Support of its Motion to Strike.

## I.    INTRODUCTION

Plaintiffs' response (ECF No. 115)—including the nine amended declarations filed as attachments (ECF Nos. 115-1 to 115-9)—to QUIKRETE's Motion to Strike (ECF No. 107) confirms Plaintiffs' declarations violate 28 U.S.C. § 1746. Because the declarations are inadmissible and, in at least four instances, also contradict prior sworn deposition testimony in violation of the sham affidavit doctrine, the Court should grant QUIKRETE's Motion to Strike and reject Plaintiffs' request to file yet additional declarations.

## II.    ARGUMENT

### A.    The qualification that Plaintiffs' declarations are only true "to the best of [their] recollection" renders them inadmissible.

Plaintiffs fail to address the substance of QUIKRETE's argument and misrepresent the authorities upon which QUIKRETE relies. All of the declarations Plaintiffs filed with their opposition improperly qualify their statements by "declar[ing] under penalty of perjury that the foregoing is true and correct *to the best of my recollection*." See ECF Nos. 99-1 to 99-11 (emphasis added). Plaintiffs incorrectly claim that *United States v. Tervort*, No. 1:07CV01295-OWW-SMS, 2008 WL 5273492, at *5 (E.D. Cal. Dec. 18, 2008), and *United States v. Henderson*, No. 17 C 7012, 2018 WL 4404720, at *1, n.1 (N.D. Ill. Sept. 17, 2018), are distinguishable because they "involved declarations that omitted the penalty-of-perjury clause altogether." ECF No. 115 at 3. But in *Tervort*, like here, the declaration provided "I declare under penalty of perjury that the foregoing is true and correct to the best of my recollection." *Declaration of Allan Tervort in Support of Response to Petition re Contempt of Order Filed January 11, 2008*, *United States v.*

1

*Tervort*, No. 1:07CV01295-OWW-SMS (E.D. Cal.), ECF No. 36 at 2.[1] And in *Henderson*, the declaration said "I declare under the penalty of perjury . . . that this information is true and correct *to the best of my memory of the events which took place*." 2018 WL 4404720, at *1, n.1 (emphasis and alteration in original). In both cases, the courts held the qualifying language violated 28 U.S.C. § 1746.

Plaintiffs' reliance on *Steward v. Abbott*, 189 F. Supp. 3d 620, 627-628 (W.D. Tex. 2016), and similar cases is also misplaced. QUIKRETE explicitly acknowledged *Steward* in its motion and explained that the declaration in *Steward* was meaningfully different from the declarations Plaintiffs presented. ECF No. 107 at 3-4. In *Steward*, the declaration certified its statements were true "to the best of my knowledge." *Id.* But that isn't what Plaintiffs' declarations say. Rather, as the court in *Tervort* explained, the qualifying language that Plaintiffs added to their declarations mean that the statements in them are "true and correct [only so] far as [the declarant] recalls" and leave the "nature and extent of [the] qualification [] uncertain and [] subject to being clarified only by" the declarant in the future. 2008 WL 5273492, at *5. Indeed, Plaintiffs' response admits that is precisely the purpose of the qualifying language. ECF No. 115 at 4 ("The phrase 'to the best of my recollection' merely acknowledges the natural limits of memory while still affirming truthfulness under penalty of perjury."). QUIKRETE's motion also explained that *Steward* was distinguishable because it addressed the issue in the context of a motion to dismiss (which does not require admissible evidence) and not at summary judgment. ECF No. 107 at 4.

---

[1] The declaration is filed on the *Tervort* court's docket at ECF No. 36. The court's decision in *Tervort* only quotes a portion of the relevant language from the declaration—specifically, the qualifying language that the statements in the declaration were "declared to be 'true and correct to the best of my recollection.'" *Tervort*, 2008 WL 5273492, at *2 (quoting Doc. 36, p. 2). As QUIKRETE explained in its motion, it was this qualifying language—not any lack of "penalty of perjury" language—that drove the Court's conclusion that the declaration "fail[ed] to comply with the requirements of § 1746." *Tervort*, 2008 WL 5273492, at *5.

Plaintiffs' response fails to address any of these points and cites no decision that has approved the kind of qualifying language rejected by *Tervort* and *Henderson*.[2]

**B.      The amended declarations filed by Plaintiffs raise more questions than they answer.**

Plaintiffs' response argues that the declarations were signed using the "SignNow" software, and Plaintiffs attach amended versions of each declaration that include the "audit trails" for each declaration. ECF Nos. 115-1 to 115-9. This additional information confirms Plaintiffs' declarations, both as originally filed and as amended via Plaintiffs' response, are improper under *United States on behalf of ACS All. Constr. Specialties, LLC v. Cueto Consulting & Constr., LLC*, No. 6:20-CV-00658, 2023 WL 7037386, at \*3 (W.D. Tex. Sept. 14, 2023), *aff'd sub nom. ACS All. Constr. Specialties, L.L.C. v. Cueto Consulting & Constr., L.L.C.*, No. 23-50735, 2024 WL 3338305 (5th Cir. July 9, 2024), and *Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515 (6th Cir. 2022).

Indeed, Plaintiffs' response either admits, or does not deny, that the declarations' "signatures" were typed. ECF No. 115 at 4 (stating that "SignNow allows a declarant either to draw a signature freehand (using a mouse, stylus, or touchscreen) or *to select from eight available font styles for a typed signature*" (emphasis added)); *id.* (stating Lopez's signature was typed).[3] Typed "signatures" are not permissible. *Lumar v. Monsanto Co.*, 395 F. Supp. 3d 762, 776 (E.D.

---

[2] Instead, the cases Plaintiffs cite either use language like that in *Steward* or don't address this issue at all. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 618 (N.D. Tex. 2018) (considering declaration made "to the best of my knowledge"); *Bazemore v. Castaneda*, No. EP-10-CV-403-DB-DCG, 2011 WL 1675416, at \*5 (W.D. Tex. Apr. 12, 2011), *report and recommendation adopted*, No. EP-10-CV-403-DB, 2011 WL 1675394 (W.D. Tex. Apr. 28, 2011) (considering declaration made "to the best of my knowledge and belief"); *Sukup v. Martin*, No. 1:10-CV-190, 2012 WL 929058, at \*1 (E.D. Tex. Mar. 16, 2012) (same); *Grogan v. Kumar*, 873 F.3d 273, 279 (5th Cir. 2017) (simply noting that declarations properly made under 28 U.S.C. § 1746 are adequate summary judgment evidence).

[3] Plaintiffs' counsel admits the signature on Lopez's declaration is identical to the signature on an earlier filed document, but says this is because the signer used the "same typed style both times." ECF No. 115 at 4. But Lopez's signature is not typed and is not in the same font as the other declarations that were typed; instead, it appears the earlier-filed signature was done in freeform and then was copied and pasted onto Lopez's declaration.

La. 2019), *aff'd*, 795 F. App'x 293 (5th Cir. 2020) (declining to consider two declarations that contained, like Plaintiff's Declaration here, typed names instead of handwritten signatures).

Plaintiffs argue these typed signatures are fine because "Rule 5(d)(3) authorizes electronic filing with signatures in the form "/s/ Name." ECF No. 115 at 5. But that is true only for attorneys registered for e-filing. Fed. R. Civ. P. 5(d)(3)(C) ("A filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature."). Plaintiffs also say, "the E-SIGN Act, 15 U.S.C. § 7001, provides that electronic signatures 'may not be denied legal effect' solely because they are electronic." ECF No. 115 at 5. But the deficiency with Plaintiffs' declarations aren't that they were simply done electronically, but that the signatures were typed and not made "in writing of such person which is subscribed by him." 28 U.S.C. § 1746; *Cueto Consulting & Constr., LLC*, 2023 WL 7037386, at *3, *aff'd*, 2024 WL 3338305 (5th Cir. July 9, 2024).[4]

The "audit trails" Plaintiffs attached to the amended declarations only compound Plaintiffs' problems. For example, the audit trail for the Frazier declaration shows it was sent to 13 unique "guest signer" IDs. ECF No. 115-1 at 8-9.[5] The audit trail shows guest_signer_443317894644@no.reply viewed the document at 08/05/2025 22:33:03 pm and signed it ten minutes later at 22:43:29 pm UTC. Nothing in the audit trail specifies the identity of guest_signer_443317894644@no.reply or any of the other guest signers.[6] Nor does it contain any

---

[4] That the Court previously permitted the putative opt-in plaintiffs to sign their consent forms via SignNow is also irrelevant because Rule 56 and 28 U.S.C. § 1746 do not apply to consent forms and Plaintiffs are not attempting to rely on those consents to oppose QUIKRETE's summary judgment motion.

[5] It also identifies four unique IP addresses: (1) 73.115.234.189, which is associated with both trang@tranlf.com and guest_signer_443255188717@no.reply; (2) 127.0.0.6 which is associated with trang@tranlf.com; (3) 107.138.214.66, which is associated with guest_signer_443317894644@no.reply; and (4) 12.231.161.246, which is associated with trang@tranlf.com.

[6] The only non-anonymized information in the trail (aside from Plaintiffs' counsel's email address) is a single line that shows guest_signer_443317894644@no.reply sent a copy of the signed document to juliafrazier275@yahoo.com.

4

information to shed light on *who* the SignNow link or invitation was sent to, other than the anonymous "guest signers."

Even more confusing, the audit trails for the other declarations (1) identify multiple anonymous guest signers; and (2) show that the guest signer who ultimately signed the document barely spent any time reviewing the document before doing so. In fact, the time spent reviewing the document ranged from 24 seconds to a maximum of two minutes and 12 seconds:

- Montoya: identifies three unique guest signers and shows guest_signer_432677117727@no.reply signed the document **40 seconds** after viewing it. ECF No. 115-2 at 4 (document was viewed at 08/04/2025 16:59:47 pm UTC and signed at 17:00:27 pm UTC).

- Cantu: identifies three unique guest signers and shows guest_signer_383040747242@no.reply signed the document **one minute and 24 seconds** after viewing it. ECF No. 115-3 at 5 (document was viewed at 07/29/2025 23:06:54 pm UTC and signed at 23:08:18 pm UTC).

- Rios: identifies three unique guest signers and shows guest_signer_425979415445@no.reply signed the document **24 seconds** after viewing it (document was viewed at 08/03/2025 22:23:20 pm UTC and signed at 22:23:44 pm UTC). ECF No. 115-4 at 4.

- Godoy: identifies three unique guest signers and shows guest_signer_392043277124@no.reply signed the document **one minute and 52 seconds** after viewing it. ECF No. 115-5 at 5 (document was viewed at 07/31/2025 00:07:16 am and signed at 00:09:08 am UTC).

- Lopez: identifies seven unique guest signers and shows guest_signer_435211575020@no.reply signed the document **one minute** after viewing it. ECF No. 115-6 at 6 (document was viewed at 08/05/2025 00:02:00 am UTC and signed at 00:03:00 am UTC).

- Burrs: identifies three unique guest signers and shows guest_signer_435166489667@no.reply signed the document **one minute and 25 seconds** after viewing it. ECF No. 115-7 at 5 (document was viewed at 08/04/2025 23:54:31 pm UTC and signed at 23:55:56 pm UTC).

- Thomas: identifies two unique guest signers and shows guest_signer_452332441811@no.reply signed the document **two minutes and 12 seconds** after viewing it. ECF No. 115-8 at 6 (document was viewed at 08/06/2025 23:47:50 pm UTC and signed at 23:50:02 pm UTC).

- Carter: identifies four unique guest signers and shows guest_signer_458701297031@no.reply signed the document **24 seconds** after viewing it. ECF No. 115-9 at 4 (document was viewed at 08/07/2025 17:16:59 pm UTC and signed at 17:17:23 pm UTC).

Because Plaintiffs did not offer any evidence or testimony on how SignNow functions or otherwise provide insight on the identity of the recipients of the declaration, the Court is left with only the information contained in the audit trails subsequently provided by Plaintiffs. But those only show that (1) the declarations were viewed and signed by anonymous guest signers; and (2) whoever viewed the declarations did so only briefly before signing. This is hardly enough to satisfy any concerns that there is a "live act traceable to the individual," as contemplated by *Cueto Consulting & Constr., LLC,* 2023 WL 7037386. As established above, nothing in the audit trails connects the declarations to the purported signer, and Plaintiffs unverified explanation in his opposition does not resolve those concerns.

Finally, Plaintiffs argue QUIKRETE is somehow estopped from asserting these objections because it used Adobe Sign for Jane Gesch's original declaration which, was filed in November 2024. ECF No. 115 at 5. But despite being originally filed almost a year ago (ECF No. 47-11) and multiple times since then, Plaintiffs have never moved to strike the document or otherwise objected to it. For good reason. To start, it doesn't include any qualifying language but says "I declare under penalty of perjury under the laws of the United States of America that these statements are true and accurate." ECF No. 98-11 at 4. Likewise, Ms. Gesch's signature isn't typed but was electronically handwritten via the Adobe Sign software. *Id.* Finally, the "Final Audit Report" appended to Ms. Gesch's declaration[7] confirms it was emailed to Ms. Gesch's QUIKRETE email

---

[7] Unlike Plaintiffs, QUIKRETE did not wait to divulge the audit report; rather, the audit report was included in Ms. Gesch's declaration when it was originally filed in November 2024 and every time since (ECF Nos. 47-11, 48-11, 84-11, 98-11).

address for signature, viewed by that same email address, and signed by that same email address, which "entered name at signing as Jane Gesch." ECF No. 98-11 at 5; *Allen v. Vaksman L. Offs., P.C.*, No. 2:19-CV-30-TBM-MTP, 2021 WL 5474488, at \*6 (S.D. Miss. Sept. 30, 2021) ("[T]he Adobe Audit Trail shows that the retainer agreement was sent to Allen's Comcast email account, electronically signed, that the electronic signature is attributed to Allen's email address, and that the fully executed document was furnished to Allen.").[8] In other words, far from supporting Plaintiffs' position, Ms. Gesch's declaration highlights the deficiencies in Plaintiffs' declarations and why they fail to comply with 28 U.S.C. § 1746.

### C.    Plaintiffs' inconsistent testimony should be stricken under the sham affidavit doctrine.

Plaintiffs do not contest that the sham affidavit doctrine permits a Court to strike and disregard declaration testimony that contradicts the witness' prior testimony. ECF No. 107 at 7. In an effort to salvage the contradictory testimony of the four Plaintiffs[9] at issue, they argue the declaration testimony was not actually contradictory but was instead a "clarification" or "elaboration." *Id.* Even the most cursory review of the declarations confirms this is not the case. In making this argument, Plaintiffs claim the original declaration testimony at issue (submitted in support of his Motion to for Distribution of Notice) was limited to testimony about QUIKRETE'S written job description. *Id.* While the Plaintiffs did offer testimony about the written job description, they *also* offered testimony about the substance of their actual job responsibilities.[10] That testimony unequivocally stated that all QUIKRETE drivers had the same job responsibilities

---

[8] The audit report also shows Ms. Gesch signed the declaration 11 minutes after viewing it, meaning she spent more time reviewing her declaration (which was not complex and simply authenticated reports she previously prepared) than was spent by all guest signers combined in reviewing Plaintiffs' declarations (excluding the Frazier declaration).

[9] Louis Yanez, IV, Timothy Godoy, Rodlfo Lopez and David Thomas.

[10] *See* ECF Nos. 42-2, 42-4, 42-6, 42-7.

and duties. ECF No. 107 at 8-11. And Lopez and Godoy agreed in their depositions that all drivers have the same job duties, while Yanez recanted that he even had knowledge about other drivers' responsibilities. *Id.* Yet now all four Plaintiffs submit new declarations that go to great lengths to explain how their job responsibilities are *different* than flatbed drivers and disclaim any contention that all drivers have the same job responsibilities. *Id.*

This is not a matter of semantics or an effort by QUIKRETE to leverage meaningless discrepancies. And they certainly are not "elaborations" or "clarifications." The language and sentiment of Plaintiffs' most recent declarations directly contradicts their prior testimony, as confirmed by simply comparing the testimony. Plaintiffs' efforts to minimize or distract from these contradictions are not compelling.

### D.    Plaintiffs should not be afforded an opportunity to "cure."

Under Fed. R. Civ. P. 56(e)

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

Plaintiffs do not claim the Court is required to allow supplementation. Nor could they. "[T]he decision of whether to give parties the opportunity to remedy material presented for summary judgment is within the discretion of the district court." *Stingley v. Den-Mar Inc.*, 347 F. App'x 14, 20 (5th Cir. 2009). The Fifth Circuit recently affirmed a district court's decision to

8

exclude a declaration from the summary judgment record that violated 28 U.S.C. § 1746. *ACS All. Constr. Specialties, L.L.C. v. Cueto Consulting & Constr., L.L.C.*, No. 23-50735, 2024 WL 3338305, at *2 (5th Cir. July 9, 2024). Plaintiffs articulate no reasons why the Court should reach a different conclusion here. Instead, they argue generally that "[c]ourts routinely [] allow supplementation of declarations that raise concerns about form rather than substance," citing *C.R. Pittman Constr. Co. v. Nat'l Fire Ins. Co.*, 453 F. App'x 439, 443 (5th Cir. 2011) as an example where the "district court properly allowed party to cure defects in affidavit." ECF No. 115 at 7. A review of *C.R. Pittman Constr. Co.* shows it does not stand for any proposition claimed by Plaintiffs. It does not discuss "supplementation of declarations" or "concerns about form rather than substance," nor did it involve a case where the district court "allowed [a] party to cure defects in [an] affidavit."

Even if Plaintiffs had pointed to cases in which a district court properly exercised its discretion under Rule 56(e)(1) to allow a plaintiff to cure evidentiary issues, they wouldn't look anything like this case given the scope of Plaintiffs' deficiencies here. This was not a one-off glitch. Rather, *every* declaration Plaintiffs filed with their opposition failed to comply with 28 U.S.C. § 1746, and most of them did so in multiple ways. Likewise, the amended declarations Plaintiffs filed with their response to QUIKRETE's motion to strike show that, with the exception of the Fraizer declaration, the guest signers who executed the declarations did so mere seconds or minutes after opening them and without any real opportunity to review them in any detail.

Finally, Plaintiffs are also wrong that QUIKRETE's objections are merely technical or curable in any event. Plaintiffs do not explain why, in their original declarations, they were only prepared to swear to the truth of their contents "to the best of [their] recollection," but that they

9

would now be willing to file new declarations that omitted that language. Plaintiffs do not claim their memory has improved in the time since the original declarations were filed.

Likewise, allowing Plaintiffs to properly sign their declarations won't change the fact that those declarations contradict prior sworn deposition testimony and should therefore be excluded under the sham affidavit doctrine.

## III.    CONCLUSION

For these reasons, Defendant QUIKRETE COMPANIES, LLC respectfully requests that the Court grant its Motion to Strike.

September 19, 2025                                   Respectfully submitted,

*/s/ Janis E. Steck*
Janis E. Steck (*Pro Hac Vice)*
jsteck@scopelitis.com
James H. Hanson (*Pro Hac Vice)*
jhanson@scopelitis.com
SCOPELITIS, GARVIN, LIGHT, HANSON
 & FEARY, P.C.
10 W. Market Street, Suite 1400
Indianapolis, IN 46204
Phone: 317-637-1777

James D. Ellman
State Bar No. 24106749
jellman@scopelitis.com
777 Main Street, Suite 3450
Fort Worth, TX 76102
Phone: 817-869-1700
*Attorneys for Defendant,*
*The Quikrete Companies, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on September 19, 2025, to all counsel of record via the Court's CM/ECF system.

/s/ Janis E. Steck
Janis E. Steck

4926-7562-8393, v. 7